| | | | |
|---|---|---|---|
| Case No. | **CV 11-04869 DMG (SSx)** | Date | June 10, 2011 |
| Title | *Jong Man Kim, et al. v. Eric H. Holder Jr., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

On June 8, 2011, Plaintiffs filed a complaint for writ of mandamus. Plaintiffs seek an order compelling the United States Department of Homeland Security, Citizenship and Immigration Services ("USCIS") to adjudicate their I-485 applications for adjustment of immigration status. Plaintiffs assert federal question jurisdiction, 28 U.S.C. § 1331, as well as jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*

The Immigration and Nationality Act contains the following jurisdiction-stripping provision:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and [28 U.S.C.] sections 1361 and 1651 . . . no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status], or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B).

Therefore, Plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdiction. *See generally*, *Bian v. Clinton*, 605 F.3d 249 (5th Cir.) (holding that neither the Mandamus Act nor the APA confer jurisdiction on federal courts to compel the USCIS to adjudicate applications for adjustment of status), *vacated as moot*, 2010

WL 3633770 (5th Cir. 2010). Plaintiffs shall file their response by **August 2, 2011**. In addition, Plaintiffs shall serve a copy of this Order on Defendants by **June 17, 2011**. If Defendants wish to file a reply, they shall do so by **August 16, 2011**.

**IT IS SO ORDERED.**